**Yared Alemayehu AYICHEW, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 04–71599.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2009.

Filed March 25, 2009.

Yemi Getachew, The Law Offices of Yemi Getachew, San Jose, CA, Olumide Kolawole Obayemi, Esquire, The Law Offices of Olumide K. Obayemi, San Leandro, CA, for Petitioner.

Barbara Biddle, Esquire, Mark William Pennak, Esquire, U.S. Department of Justice, Civil Division–Appellate, OIL, DOJ— U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM *

Yared Alemayehu Ayichew, an Ethiopian citizen, seeks review of the Attorney General's decision finding him ineligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). As the parties are familiar with the underlying facts, they will not be repeated here.

The Immigration Judge ("IJ") determined that Ayichew was not credible because his story lacked inherent plausibility, and the Board of Immigration Appeals ("BIA") upheld that finding. Specifically, the IJ noted that Ayichew had represented his government overseas on three separate occasions after the alleged persecutions began. The IJ properly used his common sense in determining that Ayichew's narrative was implausible. The BIA upheld that finding. This conclusion was supported by substantial evidence. *See Jibril v. Gonzales,* 423 F.3d 1129, 1135 (9th Cir. 2005) ("Under our case law, testimony that is implausible in light of the background evidence can support an adverse credibility finding." (emphasis and internal citation and quotation marks omitted)).

Furthermore, substantial evidence supports the IJ's conclusion (affirmed by the BIA) that Ayichew's testimony about imputed membership in a political group was an attempt to enhance his claim of persecution to establish a nexus to a protected ground.

Because the BIA's adverse credibility determination is supported by substantial evidence, its decision to deny Ayichew asy-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lum, withholding of removal, and relief under the CAT must stand.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.